IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| REPUBLIC I REGIONAL SEED NETWORK, LLC (f/k/a "OUTWARD AG, LLC"), | ) ) ) ) | |
| | ) | Case No. 1:26-CV-05263 |
| Plaintiff, | ) ) | |
| | ) | Hon. Franklin U. Valderrama |
| v. | ) | |
| | ) | |
| TIM TROESTER, | ) | |
| Defendant. | | |

**DEFENDANT'S MOTION TO COMPEL ARBITRATION
AND STAY PROCEEDINGS, AND MEMORANDUM OF LAW IN SUPPORT**

Defendant Tim Troester respectfully moves this Court, pursuant to 9 U.S.C. §§ 3 and 4, for an order compelling arbitration of this dispute before the American Arbitration Association under its Employment/Workplace Arbitration Rules and Mediation Procedures, in Cook County, Illinois, and staying this action pending the conclusion of arbitration.

**INTRODUCTION**

Defendant Troester moves to compel arbitration of this dispute and to stay this action under 9 U.S.C. §§ 3 and 4. Section 14 of the Agreement that Troester signed with Outward Ag, LLC requires that "all claims and disputes hereunder shall be resolved by arbitration in Cook County, Illinois, in accordance with the rules of the American Arbitration Association." Plaintiff brings a single breach-of-contract claim under that Agreement. The claim falls squarely within Section 14.

The Court need not resolve any contested arbitrability question. The parties incorporated the AAA's rules and under both the Employment Rules and the Commercial Rules, R-7 vests the

1

arbitrator with the power to decide its own jurisdiction. That delegation of arbitrability to the arbitrator is, under *Henry Schein, Inc. v. Archer & White Sales, Inc.*, 586 U.S. 63, 69 (2019) "clear and unmistakable" and binds this Court.

Troester removed this action and files this Motion as his first substantive filing in this Court. He has not answered, has not raised any merits defense, and has not engaged in discovery. The right to arbitrate is fully preserved. The Court should compel arbitration before the AAA under the Employment Rules, in Cook County per Section 14, and stay this action under FAA § 3.

## BACKGROUND

### A. *The Agreement and the Parties' Relationship.*

On October 27, 2020, Troester and Outward Ag, LLC, a Delaware limited liability company, executed a "District Sales Manager Independent Contractor Agreement" (the "Agreement"). (Ex 1, Agreement.) The Agreement governed Troester's sale of Outward Ag's NC+ corn and soybean seed products in a designated Nebraska territory. (*Id.* §§ 1, 4.3 & Ex. A.) The Agreement was terminated in 2023.

Plaintiff Republic Regional Seed Network I, LLC alleges in the caption of its complaint to be the "f/k/a" of Outward Ag, LLC, and to bring this action to enforce the Agreement. (Ex. 2, Compl. ¶ 5.) Troester does not concede that any valid name change, assignment, or successorship has occurred by which plaintiff acquired the right to enforce the Agreement against Troester, and reserves all defenses to plaintiff's status as a proper party. For purposes of this Motion only, Troester accepts plaintiff's allegation that it is a party to the Agreement; if so, plaintiff is bound by Section 14 just as Troester is.

2

The substance of the parties' relationship reflects an employment relationship in significant respects. The Agreement: (i) reserved to Outward Ag the territory and product list (Ex. 1, Agmt. §§ 1, 4.3); (ii) provided Troester guaranteed monthly draws of $7,000 against future commissions, totaling $84,000 per year (*id.* § 3.2); (iii) committed Outward Ag to set annual sales goals (*id.* § 5.1); (iv) required Troester to devote his "best efforts and diligence" to Outward Ag's products and barred him from any competing business activity (*id.* § 4.2); (v) required Troester to follow Outward Ag's training and product-knowledge requirements (*id.* § 4.4); (vi) required Troester to maintain insurance with Outward Ag as a named insured (*id.* § 4.5); and (vii) authorized Outward Ag to terminate the Agreement "for cause" on grounds typical of employment, including "willful misconduct, dishonesty, or breach of trust" (*id.* § 6.1(a)(4)). Although Section 20 of the Agreement labels Troester an "independent contractor," (*id.* § 20) that label does not control the AAA's or this Court's analysis of which AAA rule set governs.

### B. The Arbitration Provision.

Section 14 of the Agreement provides:

> Except as provided in Section 10, all claims and disputes hereunder shall be resolved by arbitration in Cook County, Illinois, in accordance with the rules of the American Arbitration Association. Any ruling or award made by an arbitration panel convened pursuant to this Section shall be specifically enforceable in any court of competent jurisdiction in the State of Iowa and all other jurisdictions.

(Ex. 1, Agmt. § 14.) Section 14 incorporates the AAA's rules without specifying which set of AAA rules.

The opening clause of Section 14 — "Except as provided in Section 10" — appears to be a scrivener's error. Section 10 of the Agreement addresses tax withholding and has no relation to dispute resolution. The error does not affect this Motion: under the delegation argument below, any question about the meaning of the Section 10 reference is for the arbitrator to decide.

### C. The State-Court Action and Removal.

Plaintiff filed this breach-of-contract action in the Circuit Court of Cook County on December 23, 2025. After issuing two alias summonses, plaintiff served Troester at his residence in Aurora, Nebraska on April 7, 2026. Troester removed the action to this Court on May 6, 2026 [ECF 1] and invoked diversity jurisdiction under 28 U.S.C. § 1332(a). The Notice of Removal preserved Troester's right to compel arbitration. (Notice of Removal ¶¶ 15-16 [ECF 1].)

### D. This Motion.

Troester files this Motion as his first substantive filing in this Court. He has not filed an answer, has not asserted any merits defense, and has not engaged in discovery.

## LEGAL FRAMEWORK

### A. The Federal Arbitration Act.

The FAA, 9 U.S.C. §§ 1-16, governs the parties' arbitration agreement. Section 2 declares written arbitration agreements "valid, irrevocable, and enforceable, save upon such grounds as exist at law or in equity for the revocation of any contract." 9 U.S.C. § 2. Section 3 directs courts to stay proceedings on issues "referable to arbitration" upon application of a party. *Id.* § 3. Section 4 directs courts to compel arbitration on a party's motion. *Id.* § 4.

The FAA "evinces a national policy favoring arbitration" and requires courts to "place arbitration agreements on an equal footing with other contracts and enforce them according to their terms." *A.D. v. Credit One Bank, N.A.*, 885 F.3d 1054, 1059-60 (7th Cir. 2018) (internal quotations omitted). Doubts about the scope of an arbitration agreement are resolved in favor of arbitration. *Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 24-25 (1983).

### B. Standard for Compelling Arbitration.

Under FAA § 4, when the making of the arbitration agreement is not at issue, the Court "shall make an order directing the parties to proceed to arbitration in accordance with the terms of the agreement." 9 U.S.C. § 4. The party moving to compel must establish: (1) an enforceable written agreement to arbitrate; (2) a dispute within the scope of the agreement; and (3) a refusal to arbitrate. *A.D.*, 885 F.3d at 1060.

### C. *Delegation Doctrine.*

Parties may agree to delegate gateway questions of arbitrability to the arbitrator. *Rent-A-Center, W., Inc. v. Jackson*, 561 U.S. 63, 68-70 (2010). When the parties' agreement contains a "clear and unmistakable" delegation, the Court must enforce that delegation — even if the Court would view the underlying arbitrability claim as wholly groundless. *Henry Schein*, 586 U.S. 63, 67-68. Incorporation of AAA rules — which provide that the arbitrator decides its own jurisdiction — constitutes "clear and unmistakable" delegation. *Wal-Mart Stores, Inc. v. Helferich Patent Licensing, LLC*, 51 F. Supp. 3d 713, 719-20 (N.D. Ill. 2014) (collecting cases); *see also Allscripts Healthcare, LLC v. Etransmedia Tech., Inc.,* 188 F. Supp. 3d 696, 701 (N.D. Ill. 2016).

### ARGUMENT

### I. THE PARTIES DELEGATED ARBITRABILITY TO THE ARBITRATOR. WHATEVER AAA RULES GOVERN, R-7 DELEGATES.

The parties incorporated the AAA's rules in Section 14. Both the AAA Employment Rules and the AAA Commercial Rules contain R-7, which vests the arbitrator with the power to rule on the arbitrator's own jurisdiction.

The AAA Employment/Workplace Arbitration Rule R-7(a) provides:

> The arbitrator shall have the power to rule on their own jurisdiction,
> including any objections with respect to the existence, scope, or validity of
> the arbitration agreement or the arbitrability of any claim or counterclaim.

(Ex. 3, AAA Employment Rules R-7(a).) The AAA Commercial Rule R-7(a) contains substantively identical language.

Under *Henry Schein*, incorporation of AAA rules — which include R-7 — is "clear and unmistakable" evidence of delegation. The Court must enforce that delegation. *Henry Schein,* 586 U.S. at 67-68; *Wal-Mart Stores*, 51 F. Supp. 3d at 720 ("by incorporating the AAA Rules, including Rule 7(a), into the arbitration provision, [the parties] clearly and unmistakably agreed to have an arbitrator decide whether they agreed to arbitrate"). That is true even if the Court would view plaintiff's anticipated arbitrability arguments as wholly groundless. *Henry Schein*, 586 U.S. at 69.

What follows is straightforward: the Court's role here is limited to compelling arbitration. Any dispute about the scope of Section 14 — whether plaintiff's breach-of-contract claim falls within "all claims and disputes hereunder," how Section 13 and Section 14 relate, or what the "Except as provided in Section 10" reference means — is a question for the arbitrator. *See Henry Schein*, 586 U.S. at 69; *Rent-A-Center*, 561 U.S. at 68-70.

The Court need not decide which AAA rule set governs to grant the relief Troester seeks. R-7's delegation language is identical in the Employment and Commercial Rules. The arbitrator decides its own jurisdiction under either set.

## II.     IF THE COURT REACHES THE QUESTION, THE AAA EMPLOYMENT RULES GOVERN.

Although the delegation analysis above eliminates any need for the Court to decide which AAA rule set governs, there is no real dispute that the AAA Employment Rules apply.

R-1(a) of the Employment Rules sets the default. The Employment Rules apply when parties have provided for AAA arbitration "of an employment dispute without specifying particular rules." (Ex. 3, AAA Employment Rule R-1(a).) Section 14 specifies no particular rules. The default applies.

R-1(b) extends the Employment Rules to independent-contractor disputes. The Rules expressly cover "any dispute between an independent contractor (working or performing as an individual and not incorporated) and a business or organization when the dispute involves work or work-related claims under independent contractor agreements, including any statutory claims." (*Id.* at R-1(b).) Troester is an individual; he is not incorporated; the Agreement is on its face an independent-contractor agreement; and plaintiff's claim concerns "work or work-related" obligations under that agreement. Section 20's independent-contractor label does not avoid Employment Rules coverage; R-1(b) applies precisely to this kind of relationship.

The substance of the parties' relationship reinforces the Employment Rules result. The factual indicia recited in Background, *supra*— guaranteed draws, exclusive-effort obligation, Outward Ag-set sales goals, training requirements, named-insured insurance requirement, and for-cause termination grounds — describe an employment relationship Section 20's contractual label does not override that substance. And in any event, R-1(b) extends the Employment Rules to independent-contractor disputes.

R-1(c) reinforces that this question is administrable in arbitration: "The AAA has the initial authority to apply or not to apply the Employment/Workplace Arbitration Rules and/or the Employment/Workplace Fee Schedule. If either party disagrees with the AAA's decision, the objecting party must submit the objection by the due date for filing an answer to the demand for arbitration. If an objection is filed, the arbitrator shall have the authority to make the final

decision on which AAA rules and fee schedule will apply." (Ex. 3, R-1(c).) To the extent relevant to this Motion to Compel Arbitration, the Employment rules govern.

### III.  IN THE ALTERNATIVE, THE THREE-ELEMENT TEST IS SATISFIED.

If the Court reaches the three-element test, despite arbitrability being delegated to the arbitrator, each element is satisfied.

#### A.  *An enforceable written agreement to arbitrate exists.*

Section 14 of the Agreement is a written arbitration agreement. Troester signed the Agreement on October 27, 2020. (Ex. 1, Agmt. at p. 8.) Plaintiff has invoked the Agreement as the basis for its breach-of-contract claim. No party has challenged the Agreement's validity. *Cf. Faulkenberg v. CB Tax Franchise Sys., LP*, 637 F.3d 801, 811 (7th Cir. 2011) (general allegations of fraudulent inducement of the contract do not defeat enforcement of the arbitration clause).

#### B.  *The dispute falls within the scope of Section 14.*

Section 14 covers "all claims and disputes hereunder." Plaintiff's claim — that Troester breached the Agreement by failing to repay the negative balance on his commission account upon termination, (Ex. 2, Compl. ¶¶ 24-30) — is a paradigm "claim or dispute hereunder." Doubts about scope are resolved in favor of arbitration. *Moses H. Cone*, 460 U.S. at 24-25.

#### C.  *Troester has not waived the right to arbitrate.*

A party waives arbitration only by knowingly engaging in conduct inconsistent with the right; no showing of prejudice is required. *Morgan v. Sundance, Inc.*, 596 U.S. 411, 419 (2022). Troester removed the action and filed this Motion as his first substantive filing. He has not answered, has not raised a merits defense, and has not engaged in discovery. Filing a notice of

removal and a motion to compel arbitration is not conduct inconsistent with the right to arbitrate. *See Faulkenberg*, 637 F.3d at 807 ("A party does not waive its right to arbitrate a dispute by filing a motion to dismiss or a motion to transfer venue.").

### D. Section 13 and Section 14 reconcile.

Plaintiff is anticipated to argue that Section 13 — designating "the state court located in Cook County, Illinois" as having "subject matter jurisdiction to entertain any action brought to enforce this Agreement" is not at odds with Section 14 designating arbitration as the dispute-resolution mechanism for "all claims and disputes hereunder."

Section 13 and Section 14 reconcile. Section 13 designates the Cook County state court as the forum for any court action that arises ancillary to arbitration — confirmation of an arbitration award, equitable relief under Section 8 (which protects confidentiality and proprietary information through court injunctions), and enforcement of the Agreement's other provisions. Section 14 itself expressly contemplates a court forum for award enforcement: "Any ruling or award made by an arbitration panel convened pursuant to this Section shall be specifically enforceable in any court of competent jurisdiction in the State of Iowa and all other jurisdictions." (Ex. 1, Agmt § 14.) Section 13 supplies that forum.

The two provisions therefore operate together: arbitrate the substance, and use the chosen court forum for ancillary court proceedings. Doubts in any event are resolved in favor of arbitration. *Moses H. Cone*, 460 U.S. at 24-25.

## CONCLUSION

Troester respectfully asks this Court to: (1) compel arbitration of this dispute before the American Arbitration Association under the Employment/Workplace Arbitration Rules and

Mediation Procedures, in Cook County, Illinois, as required by Section 14 of the Agreement; and

(2) stay this action under 9 U.S.C. § 3 pending the conclusion of arbitration.

Dated: May 7, 2026

Respectfully submitted,

TIM TROESTER

By: /s/ Jordan D. Shea
  One of His Attorneys

Jordan D. Shea
Loftus & Eisenberg, Ltd.
181 W. Madison, Suite 4700
Chicago, Illinois 60602
(312) 319-8590
jordan@loftusandeisenberg.com
ARDC No. 6293777

10

**<u>CERTIFICATE OF SERVICE</u>**

I, Jordan D. Shea, certify that on May 7, 2026, I caused a true and correct copy of the foregoing Defendant's Motion to Compel Arbitration and Stay Proceedings to be served on counsel of record at the email address listed below by through the court's CM/ECF system.

Michael S. Davis
Davis & Carter, LLC
53 W. Jackson Blvd., Ste. 1560
Chicago, Illinois 60604
mdavis@daviscarterlaw.com

Counsel for Plaintiff

/s/ Jordan D. Shea
Jordan D. Shea

11